UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN WATSON and DANIEL SAMARGHITAN, individually and on behalf of those similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>LEXUS OF MANHATTAN,<br><br>    Defendant. | Case No. 1:20-cv-04572 (LGS)<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER** |

  WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped, labeled or written "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the face of the copy of the Discovery Material delivered.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action, including any appeals thereof, and for no other purpose without prior written approval from the Court or the prior written consent of the designating party. The scope of this Order shall be understood to encompass items or things that are expressly designated as Confidential Discovery Material as well as any summaries, copies, excerpts, or the like created directly from Confidential Discovery Material and from which Confidential Discovery Material can be discovered.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the designating party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The Parties, and any person producing any given Discovery Material, may further designate as "Highly Confidential – Attorneys' or Experts' Eyes Only" such material that contains extremely sensitive confidential information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:
    a. The requesting party and counsel, including in-house counsel;
    b. Employees of such counsel assigned to and necessary to assist in the litigation;
    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
    d. Any witness called to testify at deposition or any witness whom counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;
    e. Stenographers engaged to transcribe depositions conducted in this action;
    f. Independent photocopying, graphic production services, or litigation support services employed by the Parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;
    g. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and
    h. Any other person whom the producing person and the designating party (if not also the producing person) agree in writing may have access to such Confidential Information.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. With respect to any depositions that involve a disclosure of Confidential Information of a party to this action, such deposition testimony may be designated as "Confidential" either on the record during the deposition or within five (5) days of receipt of the transcript. Until the expiration of such five-day period, the entire text of the deposition and all exhibits (except for those that were previously produced without any confidentiality designation) shall be treated as Confidential discovery material and designated as "Confidential" under this Order.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such

document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Each person who has access to the Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

9. All Confidential Information filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Information, shall be filed ~~under seal with the Clerk of the Court and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing. For any document filed under seal, (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.~~ pursuant to this Court's Individual Rules with respect to motions to seal.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. If Confidential Information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body or authority, or any other non-party purporting to have authority to request the production of information by subpoena or other compulsory process, other than this Court, the subpoenaed party shall promptly notify counsel for the designating party in writing of: (1) the information and documentation sought by the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding, or other proceeding in which the subpoena has been issued. Such notification shall be made to counsel for the designating party no later than five (5) business days prior to the date on which compliance with the subpoena is requested, or if the compliance date is fewer than five (5) business days from the date the subpoenaed party first received notice of the subpoena, then such notification to counsel shall be made as soon as possible and in all events no later than one (1) calendar day after the date the subpoenaed party first received notice of the subpoena. The subpoenaed party shall not disclose or produce Confidential Information in response to the subpoena prior to the date and time on which compliance with the subpoena is requested.

12. This Order does not enlarge or otherwise affect the proper scope of discovery, restrict a party's right to object to a specific discovery request, affect the applicability of any privilege in this or any other litigation, or imply that Confidential Information designated under the terms of this Order is properly discoverable, relevant, or admissible in this or any other litigation.

13. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed by the Court.

14. At the conclusion of this litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after the entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED:**

Dated:  September 22, 2020

| | |
|---|---|
| **ZEMEL LAW, LLC** | **STEVENS & LEE, P.C.** |
| By:   s/ *Daniel Zemel* | By:   s/ *Salvatore Giampiccolo* |
|         Daniel Zemel |         Salvatore A. Giampiccolo |
| | Stephanie Lopez |
| 1373 Broad Street, Suite 203-C | 485 Madison Avenue, 20th Fl. |
| Clifton, New Jersey 07013 | New York, New York 10022 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

**LONDON FISCHER LLP**

By:   s/ *Jason Myers*
       Jason M. Myers
59 Maiden Lane
New York, New York 10038

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

**SO ORDERED.**

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

**Dated:**     **New York, New York**
                   **September 23, 2020**

## **Agreement**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:_____

_____
*Signature*

Signed in the presence of:

_____
*Attorney*