# LONDON FISCHER LLP

59 MAIDEN LANE
NEW YORK, NEW YORK 10038

| IRVINE OFFICE | (212) 972-1000 | LOS ANGELES OFFICE |
| --- | --- | --- |
| 2505 MCCABE WAY, SUITE 100 | FACSIMILE: (212) 972-1030 | 800 WILSHIRE BOULEVARD, SUITE 1550 |
| IRVINE, CALIFORNIA 92614 | | LOS ANGELES, CALIFORNIA 90017 |

www.LondonFischer.com

December 11, 2020

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> RE:  *Watson, et al. v. Lexus of Manhattan*
>      Civil Action No. 1:20-cv-04572 (LGS)
>      File No.: 437.0567020

Dear Judge Schofield:

Defendant Manhattan Luxury Automobiles, Inc. d/b/a Lexus of Manhattan (improperly pled as Lexus of Manhattan) ("Manhattan Lexus") submits this letter in support of its letter-motion to seal or, in the alternative, publicly file redacted copies of three documents included as exhibits to Manhattan Lexus's December 9, 2020 letter to the court [Docket No. 56] ("December 9, 2020 Letter"). The three exhibits are currently temporarily restricted to the public.

The sample text messages annexed to the December 9, 2020 letter contain text messages sent by Manhattan Lexus to Honda customers. The sample charts contain Honda customers personal telephone numbers and customer information embedded within the conversations. Manhattan Lexus requests that these exhibits be sealed to protect the personal information of those Honda customers.

The Honda customers privacy interests implicated here vastly outweigh any benefit to the disclosure, and sealing or redaction is therefore appropriate. Bernsten v. O'Reilly, 307 F. Supp 3d 161, 167-68 (S.D.N.Y. 2018); Jean v. United States EEOC, No. 20-CV-9773 (LLS), 2020 U.S. Dist. LEXIS 225842, at *2-3 (S.D.N.Y. Nov. 25, 2020). This Court has held that non-parties have inherent privacy interests in shielding personal information from disclosure on public dockets. Such personal information includes phone numbers, addresses, email addresses, and customer information. See Dodona I, LLC v. Goldman, Sachs & Co., 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (approving of redaction of, among other things, the addresses and telephone numbers of third parties as well as customer names); Anderson v. NY City Health & Hosps. Corp., No. 16-CV-1051 (GBD) (KHP), 2020 U.S. Dist. LEXIS 37900, at *7 (S.D.N.Y. Mar. 4, 2020) (ordering filing of redacted versions of documents containing personal information including phone numbers, home addresses, and email addresses); SOHC, Inc. v. Zentis Sweet Ovations Holding LLC, No. 14-CV-2270 (JMF), 2014 U.S. Dist. LEXIS 156008, at *17 (S.D.N.Y. Nov. 4, 2014)

(directing redaction of "financial figures and customer information" which "implicate legitimate privacy interests"). Such information in particularly inappropriate for public disclosure where it is not "relevant to the parties' legal dispute," as set forth above SOHC, Inc., 2014 U.S. LEXIS 156008, at *17.

Based upon the forgoing, Manhattan Lexus respectfully requests that these exhibits containing non-parties personal contact information be sealed. See Palomo v DeMaio, No. 5:15-CV-1536 (LEK/TWD), 2018 U.S. Dist. LEXIS 179774, at *4-5 (N.D.N.Y. Oct. 19, 2018) (granting in part motion to seal documents containing sensitive business information and ordering that personal identifying information within other documents, including phone numbers, be redacted). In the alternative, Manhattan Lexus requests that redacted copies of these exhibits are permitted to be re-filed with the Court.

Our office is available to further discuss this request at the Court's convenience.

Respectfully Submitted,

**LONDON FISCHER LLP**

*Jason M. Myers*

Jason M. Myers

---

This application is GRANTED. By **December 16, 2020**, Defendant shall re-file the December 9, 2020, letter at Dkt. No. 56, and its exhibits, with Honda customer personal information redacted.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

The proposed redactions are narrowly tailored and necessary to prevent dissemination of personal identifying information. The proposed redactions will not impair the public's ability to understand the merits of the case. The balance of competing considerations may result in different decisions based on the same circumstances in other filings.

Dated: December 14, 2020
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE