UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN WATSON, et al.,

                Plaintiffs,

-v-

MANHATTAN LUXURY AUTOMOBILES, INC.,

                Defendant.

CIVIL ACTION NO.: 20 Civ. 4572 (LGS) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On October 12, 2021, the Court held a conference (the "October 12 Conference") to discuss Defendant's request for leave to file a motion to strike the "supplemental and rebuttal" report (the "S&R Report") of Plaintiffs' expert, Anya Verkhovskaya, and Plaintiffs' opposition to that request. (ECF minute entry Oct. 12, 2021). After considering the parties' submissions and hearing their arguments, the Court determined that the S&R Report was improper, and ordered that Defendant be allowed to re-depose Ms. Verkhovskaya for four hours and to serve responsive reports from Defendant's two experts (the "Responsive Reports"), with the reasonable associated costs to be paid by Plaintiffs. (ECF No. 124 (the "October 12 Order")). The Court directed the parties to file a joint letter (the "Joint Letter") with proposals for the date of Ms. Verkhovskaya's continued deposition, the date by which Defendant shall serve its Responsive Reports, and a briefing schedule for Plaintiffs' anticipated motion for class certification following the completion of this limited continuation of expert discovery. (Id. at 2). The Court advised the parties that it would quantify the amount of reasonable costs Defendant shall be awarded upon receipt of the Joint Letter.

Before the Court is the parties' Joint Letter. (ECF No. 125). In addition to providing the information requested in the October 12 Order, the Joint Letter includes: (i) Plaintiffs' request for permission to depose Defendant's experts following service of the Responsive Reports, which Defendant opposes as improper and outside the scope of the October 12 Order; (ii) Defendant's estimate of the fees and expenses it expects to incur in responding to the S&R Report, which Plaintiffs oppose as excessive; and (iii) proposed briefing schedules for the parties' anticipated motions to strike each other's expert reports. Having reviewed the Joint Letter, the Court orders as follows:

1. Ms. Verkhovskaya's deposition shall take place by **November 12, 2021**;

2. Defendant shall serve the Responsive Reports by **December 10, 2021**;

3. Because the parties cannot agree on the costs to be awarded to Defendant:

    a. By **December 29, 2021**, Defendant may apply to the Court for an award of the costs associated with Ms. Verkhovskaya's continued deposition and the preparation of the Responsive Reports (the "Application"). The Application shall be supported by an affidavit and any evidence necessary for the Court to determine the reasonableness of the Application;

    b. By **January 12, 2022**, Plaintiffs may file an opposition to the Application;

4. The briefing of Plaintiffs' anticipated motion for class certification (the "Motion") shall proceed as follows:

    a. Plaintiffs shall file the Motion by **January 12, 2022**;

    b. Defendant shall file its opposition to the Motion by **February 14, 2022**;

    c. Plaintiffs shall file their reply in further support of the motion by **March 14, 2022**;

5. Plaintiffs' request to depose Defendant's experts following service of the Responsive Reports is DENIED.  Plaintiffs could have, but failed to, request this relief at the October 12 Conference, and the Court agrees with Defendant that the request is improper and exceeds the scope of the October 12 Order.  In any event, as the Court advised the parties at the October 12 Conference and in the October 12 Order, the purpose of allowing this limited continuation of expert discovery is to cure the prejudice to Defendant that Plaintiffs caused by serving the improper S&R Report.  (ECF No. 124 at 1).  It is not intended to provide Plaintiffs with an additional opportunity to seek further expert discovery; and

6. To the extent the parties seek leave to file motions to strike each other's expert reports, their request is DENIED WITHOUT PREJUDICE.  Any such request shall be made to the Honorable Lorna G. Schofield in the first instance.

Dated:    New York, New York
          October 19, 2021

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**