**By February 25, 2022, the parties shall confer to discuss whether redacting rather than sealing entire documents is more appropriate in this case.  If the parties both seek to seal the entirety of the exhibits in relation to their Daubert motions, then the parties shall provide a legal basis for sealing as to each exhibit and explain how sealing is narrowly tailored by February 25, 2022.  If the parties agree that redactions are more appropriate and narrowly tailored to serving higher values related to sealing,** see Lugosch v. Pyramid Co. of Onondaga, **435 F.3d 110, 120 (2d Cir. 2006), then, by February 25, 2022, the parties shall file a letter proposing a date by which they can submit proposed redactions to the Court.**

Dated:  February 17, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:       *Watson et al. v. Manhattan Luxury Automobiles Inc.*
Case No.:   1:20-cv-04572 (LGS)
            Letter Motion to File Exhibits to Plaintiff's Daubert Motion Under Seal

Dear Judge Schofield,

Pursuant to Your Honor's Individual Rules, Plaintiff hereby submits this letter motion for approval of the filing of the Expert Reports and Deposition Testimony of Ken Sponsler under seal. Pursuant to the protective order entered in this matter at Docket 28, the opinions and discussions contained within these documents pertain to confidential and proprietary information of both the experts and the parties and should be filed under seal. The Exhibits in question are Exhibits A: Mr. Sponsler's Expert Report and Exhibits; Exhibit B: Mr. Sponsler's Rebuttal Report and Exhibits; Exhibit C: Mr. Sponsler's Supplemental and Rebuttal Report and Exhibits and Exhibit D: Mr. Sponsler's Deposition Transcript. The Exhibits and the supporting Declaration of Daniel Zemel have been filed contemporaneously with this Letter Motion.

To determine whether it is appropriate to allow documents to be filed under seal, courts in this Circuit engage in a two-part inquiry. First, the court determines how strong a

presumption of access a document deserves based on its role in the judicial process. Next, the court will "balance the weight of that presumption, if any, with competing interests, namely, the private interests and concerns of judicial efficiency and law enforcement, to determine whether or not to seal a document." *Martinez v. City of New York*, 2018 WL 582321, at 1 (E.D.N.Y. 2018) (*quoting Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)). The presumption of public access to court records "is not absolute," and court filings such as these which entity's trade secrets and other proprietary business information may be sealed to protect the entity. *In re Orion Pictures Corp.*, 21 F.3d 24, 26–27 (2d Cir. 1994); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. 346, 355 (S.D.N.Y. 1996); Fed. R. Civ. P. 26(c).

In this case, the expert reports and deposition testimony of Ken Sponsler address the confidential and proprietary documents of both the experts retained in this matter, the parties and certain third parties, many of which were specifically designated as confidential pursuant to the Court's Protective Order [ECF 28]. These discussions specifically involve the Zipwhip technology used by the Defendant, and the technology used by the experts to ascertain class numbers and information. Plaintiff has conferred with Defendant on this issue and they have requested that these documents be filed under seal due to their sensitive nature. As such, Plaintiff respectfully requests the Court to approve the filing of Exhibits A-D to Plaintiff's Daubert Motion under seal.

                                          Respectfully submitted,

                                          */s/ Daniel Zemel*
                                          Daniel Zemel, Esq.
                                          *Attorney for Plaintiffs*