# LONDON FISCHER LLP

59 MAIDEN LANE
NEW YORK, NEW YORK 10038

IRVINE OFFICE
2505 MCCABE WAY, SUITE 100
IRVINE, CALIFORNIA 92614

(212) 972-1000
FACSIMILE: (212) 972-1030

www.LondonFischer.com

LOS ANGELES OFFICE
515 S FLOWER STREET, SUITE 1000
LOS ANGELES, CALIFORNIA 90071

March 4, 2022

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

RE:  *Watson, et al. v. Lexus of Manhattan*
Civil Action No. 20-cv-04572 (LGS); 21-cv-01588 (LGS)

---

> Application GRANTED for substantially the reasons stated in this letter. Defendant shall file the exhibits with the redactions on the public docket by March 9, 2022.
>
> The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 140, 156 and 158.
>
> Dated:  March 7, 2022
> New York, New York
>
> */s/ Lorna G. Schofield*
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

Dear Judge Schofield:

Defendant Manhattan Luxury Automobiles, Inc. d/b/a Lexus of Manhattan ("Lexus") respectfully submits this letter-motion pursuant to this Court's Order dated February 28, 2022 [Doc. No. 154] permitting Lexus to renew its motion to seal portions of the exhibits filed in support of Lexus's Motion to Exclude Plaintiffs' Expert Witnesses' Reports and Testimony.

Lexus's initial motion to seal sought to protect each and every exhibit (Exhibits A-V) submitted in support of the Lexus's Motion to Exclude. Lexus will now file the aforementioned exhibits on the public docket; however, Lexus seeks to redact portions of certain exhibits that contain personal information of party and non-party customers of Honda of Manhattan as well as proprietary information to Zipwhip, Inc. and Plaintiff's expert witness Anya Verkhovskaya's business. In particular, Lexus seeks to redact portions of the following exhibits: Plaintiff's expert witness Randall Snyder's Reports dated January 12, 2021 (Exhibit A) and June 2, 2021 (Exhibit B); Lexus's expert witness Kenneth Sponsler's Reports dated December 17, 2020 (Exhibit K) and August 11, 2021 (Exhibit L), and; the Declaration of James Lapic (Exhibit S). The Declaration submitted in support of the renewed motion to seal provides detail as to the pages and grounds for the applicable redactions to the limited portions of these five (5) exhibits.

The Second Circuit has held that in order to determine if a document may be sealed or redacted, the court must undergo a three-part inquiry, first determining whether a document is a "judicial document" relevant to the performance of the court's function, then determining the weight of the presumption of public access based on the value of the document to the court's exercise of power, and finally weighing competing considerations including privacy interests. Sellick v. Consol. Edison Co. of NY, Inc., No. 15-cv-9082 (RJS), 2017 U.S. Dist. LEXIS 43554, at *23-24 (S.D.N.Y. Mar. 23, 2017) (citing Lugosch v. Pyramid Co., 435 F.3d 110, 119 (2d Cir. 2006)). In particular, this Court has permitted narrowly tailored redactions of filings in order to

prevent the disclosure of confidential proprietary information damaging to competitive interests. See Leonard v John Hancock Life Ins. Co., No. 18-cv-4994-AKH, 2021 U.S. Dist. LEXIS 102680, at **12-13 (S.D.N.Y. May 26, 2021); Sellick v. Consol. Edison Co. of NY, Inc., No. 15-cv-9082 (RJS), 2017 U.S. Dist. LEXIS 43554, at *24-25 (S.D.N.Y. Mar. 23, 2017).

Additionally, this Court has allowed for redactions to protect inherent privacy interests against the disclosure of personal information. Such personal information includes phone numbers, addresses, email addresses, and customer information. See Dodona I, LLC v. Goldman, Sachs & Co., 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. July 30, 2015) (approving redaction of, among other things, the addresses and telephone numbers of third parties as well as customer names); Anderson v. N.Y. City Health & Hosps. Corp., No. 16-CV-1051 (GBD) (KHP), 2020 U.S. Dist. LEXIS 37900, at *7 (S.D.N.Y. Mar. 4, 2020) (ordering filing of redacted versions of documents containing personal information including phone numbers, home addresses, and email addresses); SOHC, Inc. v. Zentis Sweet Ovations Holding LLC, No. 14-CV-2270 (JMF), 2014 U.S. Dist. LEXIS 156008, at *17 (S.D.N.Y. Nov. 4, 2014) (directing redaction of "financial figures and customer information" which "implicate legitimate privacy interests").

Moreover, the parties entered into a Stipulation and Proposed Protective Order dated September 23, 2020 which was So-Ordered by the Court [Doc. No. 28] in an effort to protect proprietary non-public information by permitting a confidential designation of such material. Disclosure of such material directly contradicts the purpose of the previously agreed upon protective order.

Here, portions of the exhibits annexed to the expert reports of Randall Synder contain proprietary non-public information relating to the functionality of Zipwhip, Inc.'s online platform, which should be redacted to prevent disclosure to the public and damage to Zipwhip's competitive interests. The redactions within the annexed exhibits to Randall Snyder's Reports are specifically tailored to only protect proprietary information relating to the Zipwhip, Inc.'s platform and code. This Court has permitted the sealing of information that is core to a company's business model. Leonard v John Hancock Life Ins. Co., No. 18-cv-4994-AKH, 2021 U.S. Dist. LEXIS 102680, at **9-13 (S.D.N.Y. May 26, 2021). As that is the case before this Court, any proprietary information should be sealed from the public's view to protect any potential damage to Zipwhip, Inc.

Additionally, a number of other exhibits, including but not limited to the expert reports of Ken Sponsler and Jennifer Smith and the Declaration of James Lapic contain party and non-party personal information, i.e. telephone numbers and addresses, which require protection from the public and redactions to the docket. While the value of this information would be minimal to the Court in its ability to opine on the pending motions, the violation of the privacy interests of these individuals would be substantial. As such, Lexus requests that any personal information be permitted to be filed in redacted format.

Lastly, the expert reports of Jennifer Smith and Anya Verkhovskaya rely upon and incorporate numerous SQL codes, SQL statements, Microsoft Excel spreadsheets, and other exhibits in support of their respective opinions. Lexus previously submitted a compact disc ("CD") to the Court and Counsel that contained each and every exhibit submitted in support of the Motion to Exclude, including the supporting documents to the expert reports (hereinafter, "sub-exhibits"). As set forth in great detail in the Declaration supporting the renewed motion to seal, numerous

sub-exhibits contain personal information that warrant protection from the public and, if required to be filed on the docket, the various sub-exhibits should be filed under seal and/or redacted. Additionally, numerous sub-exhibits of the Verkhovskaya reports (identified in the accompanying Declaration) contain work product of Verkhovskaya and her company, CEG, wherein public disclosure could potentially damage the competitive interests of Verkhovskaya and CEG. In the interest of preventing such damage, if the Court requires the filing of the sub-exhibits, those documents are to be filed under seal and/or redacted as indicated in the accompanying Declaration of Jason M. Myers.

Based upon the forgoing, Lexus respectfully requests that the Court grant its renewed motion to seal certain exhibits to the Motion to Exclude Plaintiffs' Experts. It is worth noting that Plaintiffs' Counsel has agreed to the redactions set forth within this motion.

We thank the Court for its attention to this matter and our office is available to further discuss this motion at the Court's convenience.

Respectfully Submitted,

**LONDON FISCHER LLP**

*Jason M. Myers*

Jason M. Myers