**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------

BRIAN WATSON, DANIEL SAMARGHITAN,
ANNMARIE GREENE f/k/a ANNMARIE MOHAMMED,
JOSE ESPINAL, and LYMELL JACKSON, individually and
on behalf of all others similarly situated,

                               Plaintiffs

vs.

MANHATTAN LUXURY AUTOMOBILES, INC. d/b/a
LEXUS OF MANHATTAN,
                            Defendant.

Civil Action Nos.
1:20-cv-04572
1:21-cv-01588

**DECLARATION IN
SUPPORT OF
DEFENDANT'S
RENEWED MOTION TO
SEAL**

---------------------------------------------------------------------------

      **JASON M. MYERS**, declares, pursuant to the provisions of 28 U.S.C. §1746:

      1.      I am Of Counsel of the law firm of London Fischer LLP, attorneys for Defendant Manhattan Luxury Automobiles, Inc. d/b/a Lexus of Manhattan ("Lexus"). I am fully familiar with the facts and circumstances of this case and the file maintained in my office.

      2.      Pursuant to this Court's Order dated February 28, 2022 [Doc. No. 154], I submit this Declaration in support of Lexus's Renewed Motion to Seal certain exhibits in support of Lexus's Motion to Exclude Randall Snyder and Anya Verkhovskaya's Expert Reports and Testimony ("Motion to Exclude").

      3.      Lexus's initial motion to seal requested that the Court seal all exhibits, identified as A through V, in support of the Motion to Exclude. [Doc. Nos. 148-49]. Following the Court's February 17, 2022 Order [Doc. No. 152] and February 28, 2022 Order [Doc. No. 154], Lexus is now publicly filing all exhibits in support of the Motion to Exclude.

      4.      Lexus, however, now seeks the following relief in the instant motion: (1) Lexus seeks to submit certain exhibits with redactions in order to protect proprietary information and

party and non-party personal information; and (2) Lexus seeks to seal supporting documents relied upon by expert witnesses Anya Verkhovskaya and Jennifer Smith that were submitted separately to the Court and Counsel via compact disc ("CD").

A. **Exhibits Requiring Redaction On The Public Docket**

5.       As set forth below, portions of the experts' reports and the Declaration of James Lapic, submitted in support of the Motion to Exclude, contain privileged and confidential information, including but not limited to the personal information of party and non-party customers of Honda of Manhattan as well as proprietary information as to Zipwhip, Inc.'s online platform.

6.       In particular, the following exhibits filed in support of the Motion to Exclude contain such protected information which Lexus respectfully requests permission to redact:

| Exhibit | Title | Pages | Proposed Redactions |
|---|---|---|---|
| A | Expert Rebuttal Report of Randall A. Snyder, dated January 12, 2021 | 125, 129-131, 134-138 | Proprietary information and coding relating to the functionality of Zipwhip, Inc.'s online platform in Exhibits B and C of the Report |
| B | Expert Report of Randall A. Snyder, dated June 3, 2021 | 144 and 146 | Proprietary information and coding relating to the functionality of Zipwhip, Inc.'s online platform in Exhibit B of the Report |
| K | Expert Report of Ken Sponsler, dated December 17, 2020 | 13, 15-16, 18, 19-20, 24-25, and 27 | Redaction of only personal address and telephone numbers other than last 4 digits. |
| L | Expert Report of Ken Sponsler, dated August 11, 2021 | 10-11[1] | Redaction of only personal telephone numbers other than last 4 digits. |
| S | Declaration of James Lapic, dated September 15, 2020, in response to Plaintiffs' Third-Party Subpoena | 2-4 | Redaction of only personal telephone numbers other than last 4 digits. |

---

[1] It should be noted that the redactions on pages 19-20 which protected personal email information and telephone numbers were originally redacted prior to filing the Motion to Exclude.

7.     The above proposed redactions are narrowly tailored to privileged and confidential information in order to serve the interest of privacy while also respecting the public's right of access to court filings.[2] As such, Lexus respectfully requests that the Court grant the filing of the aforementioned redactions in order to protect the information contained within these documents pursuant to the So-Ordered Stipulation and Proposed Protective Order, dated September 23, 2020 [Doc. No. 28].

**B.   Lexus's Request To Redact And/Or Seal Documents Submitted On CD Containing Proprietary Information And Personal Information Of Parties and Non-Parties.**

8.     In support of the Motion to Exclude, Lexus submitted a separate CD to the Court and Counsel that contained all of the documents, SQL codes, SQL statements and other exhibits relied upon by the experts in this case, i.e., Smith, Sponsler, and Verkhovskaya.[3] The documents, codes, statements, and exhibits relied upon by those experts are referred to herein as "sub-exhibits".

9.     For the Court's convenience, Lexus now identifies the expert reports that relied upon sub-exhibits which were submitted on the CD:

- Exhibit D to the Motion to Exclude – Verkhovkskaya's Report dated October 20, 2020;
- Exhibit E to the Motion to Exclude – Verkhovkskaya's Report dated January 12, 2021;
- Exhibit F to the Motion to Exclude – Verkhovkskaya's Report dated January 12, 2021, served January 15, 2021;
- Exhibit G to the Motion to Exclude – Verkhovkskaya's Report dated June 9, 2021;
- Exhibit H to the Motion to Exclude – Verkhovkskaya's Report dated September 2, 2021;
- Exhibit K to the Motion to Exclude – Sponsler's Report dated December 17, 2020;

---

[2]  It should also be noted that redactions were originally submitted within portions of Exhibit P (pages 8-9, 11, and 13), Exhibit Q (pages 10-11, 13, 15-17, 19-20, 22-23, 26-27, 30-31, 33-38, and 43-44), and Exhibit R (pages 8 and 11-14).

[3]  Snyder's Exhibits were originally annexed directly to his reports.

- Exhibit L to the Motion to Exclude – Sponsler's Report dated August 11, 2021;
- Exhibit O to the Motion to Exclude – Sponsler's Report dated December 7, 2021;
- Exhibit P to the Motion to Exclude – Smith's Report dated December 12, 2020;
- Exhibit Q to the Motion to Exclude – Smith's Report dated August 11, 2021, and;
- Exhibit R to the Motion to Exclude – Smith's Report dated December 10, 2021;

10.     The Expert Reports of Verkhovskaya and Smith each contain and rely upon numerous ".sql" files, Microsoft Excel files and/or ".csv" spreadsheets and ".txt" files which contain either personal information of Honda of Manhattan customers and proprietary information to Verkhovskaya and Zipwhip.

11.     The sub-exhibits that are contained on the CD have not been uploaded to the docket due to their sheer size and volume and in order to avoid confusion of the record. However, in the event that the Court requires filing of the sub-exhibits, certain sub-exhibits should be filed in redacted form or sealed for the reasons set forth below.

12.     The parties have conferred and agreed that the SQL codes, SQL statements, Microsoft Excel files and spreadsheets contain work product of Verkhovskaya that is proprietary to her and her company's business. Both Verkhovskaya and Smith rely upon this proprietary information to support their expert opinions in this matter. As such, all of those documents identified below should be redacted or sealed if required to be filed to the public docket.

13.     Additionally, the parties have conferred and agreed that any coding or demonstration of the functionality of Zipwhip's platform is proprietary and should not be permitted to be viewed by the public and/or Zipwhip's competitors. As such, all of those documents identified below should be redacted or sealed if required to be filed on the public docket.

Expert Smith's Sub-Exhibits

14.     As mentioned above, the Motion to Exclude contained expert reports from Smith dated December 12, 2020, August 11, 2021, and December 10, 2021. In an abundance of caution, Smith provided numerous sub-exhibits in both redacted and unredacted form due to the personal information of parties and non-parties and the proprietary information of Verkhovskaya and Zipwhip.

15.     Lexus requests that the following sub-exhibits of Smith's Reports be filed in redacted format, if required to be filed to the public docket:

- Smith's Report dated December 12, 2020 (Ex. P) – Sub-exhibits D, E, I, J, K, and L;

- Smith's Report dated August 11, 2021 (Ex. Q) – Sub-exhibits C, D, F, G, H, I, J, L, M, N, O, P, R, S, U, V, AA, AB, AC, AD, AE, AF, AG, AH, AL, AM, AN, AP, AQ, AR, and AS[4];

- Smith's Report dated December 10, 2021 (Ex. R) – Sub-exhibits C, F, G, J, K, L, M, N, P, Q, and R[5].

Expert Verkhovskaya's Sub-Exhibits

16.     As mentioned above, the Motion to Exclude contained expert reports from Verkhovskaya dated October 20, 2020, January 12, 2021, January 12, 2021 (served January 15, 2021), June 9, 2021, and September 2, 2021. Each of Verkhovskaya's reports rely upon sub-exhibits that contain proprietary coding information for her company's business as well as party and non-party personal information.

17.     Lexus requests that the following sub-exhibits of Verkhovskaya's Reports be filed under seal, if required to be filed on the public docket:

---

[4] Lexus notes that Smith did not produce redacted formats for the following sub-exhibits: F, R, U, AA, AL, and AP
[5] Lexus notes that Smith did not produce redacted formats for the following sub-exhibits: C, J, and P.

- Verkhovkskaya's Report dated October 20, 2020 (Ex. D) – Sub-exhibits labeled as the following:

  (1) Exhibit C 2 of Plaintiff's Expert Disclosure;
  (2) Exhibit C;
  (3) Exhibit D - layout guide of Plaintiff's Expert Disclosure;
  (4) Exhibit D - layout guide;
  (5) Exhibit D;
  (6) Exhibit E of Plaintiff's Expert Disclosure;
  (7) Exhibit E;
  (8) MasterTable (1).CSV
  (9) Ticket 1.4. Data Receipting Data Mapping;
  (10) Ticket 2.2 Exclusion of business telephone numbers;
  (11) Ticket 2.3. Exclusion of ConsumerTelephoneNumbers with certain Keywords in Records;
  (12) Ticket 2.4. NDNCR Analysis of Output from PacificEast;
  (13) Ticket 2.5.  Prepare Input file for PacificEast;
  (14) Ticket 2.5. Append Data to Master Table from ML000250_CONFIDENTIAL (1).XLSX;
  (15) Ticket 5.3. MasterTable.csv; and
  (16) Watson v. Lexus of Manhattan_DataMapping 051920.

- Verkhovkskaya's Report dated January 12, 2021 (Ex. E) – Sub-exhibits labeled as the following:

  (1) Exhibit B. Ticket 4.10. PhoneList;
  (2) Exhibit C. 02684_86593;
  (3) Exhibit D. Ticket 4.12. NDNCR Statistics;
  (4) Exhibit F. Ticket 4.13. NDNCR Phones for LexisNexis;
  (5) Exhibit G.LN_Output_Ticket_4.13._NDNCR_Phones_for_LexisNexis;
  (6) Exhibit H. Ticket 4.15. NDNCR Statistics;
  (7) Exhibit I. 4.19.c. IDNC;
  (8) Exhibit J. Ticket 4.19.a PhoneList for LexisNexis;
  (9) Exhibit K. LN_Output_Ticket_4.19.a_PhoneList_for_LexisNexis;
  (10) Ticket 4.1. Work with Master Table as created in Ticket 2.5;
  (11) Ticket 4.2 Exclusion of business telephone numbers;
  (12) Ticket 4.3. Mark for Exclusion not deliverable messaged;
  (13) Ticket 4.4. INBOUND keyword record identification;
  (14) Ticket 4.5. Exclusion of records with keywords between the first and second messages;
  (15) Ticket 4.6. Exclude all records with only one outbound message;
  (16) Ticket 4.7. & 4.8;
  (17) Ticket 4.10.  Prepare Input file for PacificEast;
  (18) Ticket 4.12. Process PacificEast Output for NDNCR;
  (19) Ticket 4.18. Identifying IDNC telephone numbers; and
  (20) Ticket 4.19.c. Process LexisNexis Business Append.

- Verkhovkskaya's Report dated January 12, 2021, served January 15, 2021 (Ex. F) – Sub-exhibits labeled as the following:

    (1) Exhibit D. Ticket 4.12. NDNCR Statistics corrected;
    (2) Exhibit F -4.12.NDNCR_Corrected;
    (3) Exhibit G -LN_Output_4.12.NDNCR_Corrected;
    (4) Exhibit H. Res. NDNCR Statistics corrected;
    (5) MasterTable2 (1);
    (6) Supplemental Report V1 (1);
    (7) Ticket 4.1. Work with Master Table as created in Ticket 2.5;
    (8) Ticket 4.2 Exclusion of business telephone numbers;
    (9) Ticket 4.3. Mark for Exclusion not deliverable messaged;
    (10)  Ticket 4.4. INBOUND keyword record identification;
    (11)  Ticket 4.5. Exclusion of records with keywords between the first and second messages;
    (12)  Ticket 4.6. Exclude all records with only one outbound message;
    (13)  Ticket 4.7. & 4.8;
    (14)  Ticket 4.10.  Prepare Input file for PacificEast;
    (15)  Ticket 4.12. Process PacificEast Output for NDNCR;
    (16)  Ticket 4.18. Identifying IDNC telephone numbers;
    (17)  Ticket 4.19.c. Process LexisNexis Business Append; and
    (18)  Ticket 5.3. MasterTable2.

- Verkhovkskaya's Report dated June 9, 2021 (Ex. G) – Sub-exhibits labeled as the following:

    (1) Exhibit B. Ticket 6.7 phones last;
    (2) Exhibit C. 02684_90084;
    (3) Exhibit D;
    (4) Exhibit E. lnTicket 6.9 Output last;
    (5) Exhibit F. LN_Output_lnTicket_6.9_Output_last;
    (6) Exhibit G. Residential NDNCR;
    (7) Exhibit H. Final NDNCR Residential 06082021;
    (8) Ticket 5.3. MasterTableVersion2;
    (9) Ticket 6.2. Data mapping and data receipting;
    (10)       Ticket 6.4. Provide a listing of all unique text messages from May 2021 Data;
    (11)  Ticket 6.5. Mark Messages as Excluded;
    (12)  Ticket 6.6 Exclude Failed Messages;
    (13)  Ticket 6.6.a INBOUND keyword record identification;
    (14)  Ticket 6.7 Identify 2+ Records;
    (15)  Ticket 6.9 Process PacificEast Output; and
    (16)  Watson v. Lexus of Manhattan_DataMapping.

- Verkhovkskaya's Report dated September 2, 2021 (Ex. H) – Sub-exhibits labeled as the following:

  (1) ConsumerInfo;
  (2) Exhibit C;
  (3) Exhibit D - CONFIDENTIAL ATTORNEYS EYES ONLY;
  (4) MasterTable3;
  (5) Ticket 6.17.a.11 6.17.a.10 Output version3; and
  (6) Ticket 6.17.a.11 Output.

18.     Lexus further requests that the following sub-exhibits of Verkhovskaya's Reports be filed in redacted format, if required to be filed to the public docket:

- Verkhovkskaya's Report dated October 20, 2020 (Ex. D) – Sub-exhibit labeled as the following: Watson v. Lexus of Manhattan_ DataReceipting 20200829.

- Verkhovkskaya's Report dated June 9, 2021 (Ex. G) – Sub-exhibit labeled as the following: Watson v. Lexus of Manhattan_ DataReceipting

19.     For all the forgoing reasons, Lexus respectfully requests that its renewed motion to seal is granted in its entirety.

Pursuant to 28 U.S.C.  §1746, I declare under penalty of perjury that the forgoing is true and correct.

Dated:        New York, New York
              March 4, 2022

The documents are accepted for filing as redacted pursuant to the Order at Dkt. No. 160.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 148 and 162.

Dated: March 8, 2022
New York, New York

Respectfully submitted,

LONDON FISCHER LLP

By:     _Jason M. Myers_
        _____

        JASON M. MYERS, ESQ.

        LORNA G. SCHOFIELD
        UNITED STATES DISTRICT JUDGE