UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN WATSON, DANIEL SAMARGHITAN, ANNMARIE GREENE f/k/a ANNMARIE MOHAMMED, JOSE ESPINAL, LYMELL JACKSON, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>LEXUS OF MANHATTAN,<br><br>        Defendant. | Case No.: 1:20-cv-04572-LGS<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY** |

Plaintiffs, Brian Watson, Daniel Samarghitan, AnnMarie Greene, and Jose Espinal, and Lymell Jackson through undersigned counsel, respectfully move this Court for leave to file a four-and-a-half-page sur-reply to Defendant's Reply in further support of its Motion to Exclude Randall Snyder and Anya Verkhovskaya.[1]

"To prevent unfairness to litigants, courts apply a general rule that 'new arguments may not be made in a reply brief.'" *Advanced Fiber Technologies Trust v. J&L Fiber Services, Inc.*, 2010 U.S. Dist. LEXIS 46426, 2010 WL 1948242, at *2 (N.D.N.Y. 2010) (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 165 F.3d 110, 112 (2d Cir. 1999)); see also *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). "Motions for leave to file sur-reply information are subject to the sound discretion of the court." *Anghel v. New York State Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013), *aff'd*, 589 F. App'x 28 (2d Cir. 2015) (citation omitted). A sur-reply is generally appropriate where the party against whom the sur-reply will be filed raises new

---

[1] The request for sur-reply has been delayed. Plaintiff's counsel was on vacation from April 13 through April 25. Upon return, Counsel for both parties attempted to confer on the instant motion, and the conferral attempts did not conclude until May 2, 2022. Counsel for Defendant has advised that Defendant opposes Plaintiff's request for leave to file a sur-reply.

arguments in its reply. *Id.; EMC Corp. v. Pure Storage, Inc.*, 154 F.Supp.3d 81, 103 (D. Del. 2013). (Generally, leave to file a sur-reply is granted "where the proposed brief responds to new evidence, facts, or arguments raised for the first time in the moving party's reply brief.") A party must seek the leave of the court, and the court may limit the scope and length of any sur-reply it authorizes. *See id.; Alexander v. City of N.Y.*, 2004 U.S. Dist. LEXIS 17042, 2004 WL 1907432, at *12 (S.D.N.Y. 2004) (noting that the court had limited a party to ten pages and to the opposing counter-statement of undisputed material facts); *Pannonia Farms, Inc. v. USA Cable*, 2004 U.S. Dist. LEXIS 15737, 2004 WL 1794504, at *3 (S.D.N.Y. 2004) (limiting the scope and length of party's sur[-]reply). Further, a sur-reply may be allowed to "explain a position in the initial brief that the respondent refuted." *Smithkline Beecham PLC v. Teva Pharm. U.S., Inc.*, 2007 U.S. Dist. LEXIS 45703, at *2 (D.N.J. June 22, 2007) (collecting cases).

Within Defendant's Reply in Support of its Motion to Strike Plaintiff's Expert Witnesses, Defendant raised a number of new arguments which were not included within their moving motion, and intentionally contradicted the established record. As such, Plaintiffs should have an opportunity to address these issues. First, Defendant argues in Reply that there was no change to the IDNC class within the supplemental reports, despite Verkovskaya's reliance on a different data set, which resulted in a reduction in NDNCR numbers. In its initial moving papers, Defendant failed to argue that the IDNC class should have been reduced based on supplemental data and failed to articulate, as a basis for exclusion, the lack of different final class numbers as a result of the more conservative approach applied by Plaintiff's expert, instead raising these arguments in its Reply. This is contrary to the evidence, which Plaintiffs would like to distinguish for the Court. Second, within its Motion, Defendant argued that LexisNexis was not a reliable source because it does not distinguish between commercial and residential phone

numbers. However, in Reply, Defendant argues for the first time that LexisNexis is *also* not reliable because LexisNexis has only limited information for wireless phone numbers. This argument misrepresents cases like *Chinitz* where the classes did include wireless phone numbers without issue, and Plaintiffs would like to address this new argument. Third, Defendant argues for the first time that Verkhovskaya should be excluded because she failed to limit her data set to include specific dates (firstseen/lastseen) during the time period Lexus was sending text messages. This contradicts the record, and Defendant fails to cite to deposition testimony on the topic in support of its position. Fourth, Defendant cites to a specific example of "TALLBOY 7 INC," for the first time in the Reply, to make inaccurate explanations of Verkhovskaya's methodology to support exclusion. Plaintiffs would like an opportunity to respond to these inaccuracies. Finally, Defendant's position that Verkhovskaya's declaration should be stricken is inconsistent with the Magistrate's Order and Plaintiffs should also be allowed to address this subject as well.

Concerning Mr. Snyder, within Defendant's opposition, Defendant omitted from the Court's consideration specific errata sections of the deposition citations cited to in its brief. This omission was specifically intended to deprive the Court of hearing the merits on the matter, leaving only a distorted view of the record. Specifically, within its Reply brief concerning Randall Snyder, Defendant specifically attempts to undermine Plaintiff's Opposition that Snyder did in fact rely on ML 250 in reaching his conclusion by citing to specific testimony: [Snyder Dep. 16:24-17:2 (Q. Did you review any other spreadsheets other than the LOM5A? A. No); see also id., 184:9-13]. Importantly, within the errata Mr. Snyder corrected this testimony stating he did in fact previously review ML 250 and had the document within his possession. To ensure a proper ruling on the merits, the Court should consider the fully established record on this issue,

which demonstrates that Mr. Snyder's analysis of the platform was established through Lexus's own use of the system.

Given this, Plaintiffs request leave to address these new arguments, raised for the first time in Defendant Reply, to avoid severe prejudice. To ensure fair adjudication of Plaintiffs' claims, this request should be granted, and the Court should allow a brief four-and-a-half-page sur-reply so that Plaintiffs may present their arguments addressing these points, and direct the Court to the critical aspects of the record, fully briefing these newly raised arguments. As such, Plaintiffs respectfully request a sur-reply of four and a half pages to provide their responses to the new arguments contained in Defendant's Reply.

Dated this 2nd day of May, 2022

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel, Esq.
ZEMEL LAW LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
862-227-3106
dz@zemellawllc.com
Attorneys for Plaintiff

Application DENIED.  To the extent Defendant raised new arguments in its reply brief concerning Ms. Verkhovskaya, they were fairly responsive to arguments made in Plaintiffs' opposition and/or to new factual contentions raised by Plaintiffs in an affidavit of Ms. Verkhovskaya submitted with their opposition.  Regarding Mr. Snyder, Plaintiffs argue that errata would show that Mr. Snyder did "review" and had "within his possession" ML 250, but they do not argue that any errata would show that Mr. Snyder actually "relied on ML 250," which is the claim Defendant's reply brief contests.

In lieu of a sur-reply, Plaintiffs may file the relevant errata from Mr. Snyder's deposition referenced above, or relevant excerpts therefrom, by **May 6, 2022**, without any further briefing.

Dated: May 3, 2022
New York, New York

4

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May, 2022 a true and correct copy of the foregoing document was sent to Defendant's counsel via ECF.

/s/ Daniel Zemel

Daniel Zemel, Esq.