UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **BRIAN WATSON, DANIEL SAMARGHITAN, ANNMARIE GREENE f/k/a ANNMARIE MOHAMMED, JOSE ESPINAL, LYMELL JACKSON,** individually, and on behalf of all others similarly situated, <br><br> **Plaintiffs,** <br> vs. <br><br> **LEXUS OF MANHATTAN,** <br><br> **Defendant.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Case No.: 1:20-cv-04572-LGS** <br><br> **MOTION TO STRIKE / DISREGARD** <br><br> Defendant shall file a response to Plaintiff's motion to strike by **July 13, 2022**, which shall not exceed six pages in length. Plaintiff shall not file a reply. <br><br> So Ordered. <br><br> Dated: July 6, 2022 <br> New York, New York <br><br> *[signature]* <br> LORNA G. SCHOFIELD <br> UNITED STATES DISTRICT JUDGE |

Comes now, Plaintiff, Brian Watson, by and through undersigned counsel, respectfully submits this Motion to Strike Exhibit M of Defendant's Opposition to Plaintiff's motion for class certification and Defendant's Exhibit T to Defendant's *Daubert* motion for Defendant's failure to disclose the witness during the course of discovery.

"If a party believes that there is something wrong with an affidavit, exhibit, or other document – and if the party believes that, because of that problem, the Court should ignore the affidavit, exhibit, or other document – then the party should simply say that." *Moreno v. Wells Fargo Bank, N.A.*, 2020 U.S. Dist. LEXIS 10577, at *9 (D.Minn. Jan. 22, 2020). In this case, Defendant filed a declaration from a third party, Craig L. Davis, in both its *Daubert* Motion and Opposition to Class Certification. During the course of discovery, Defendant never disclosed Mr. Davis or his employer, LexisNexis, as a witness in either initial disclosures or expert disclosures.