```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
BRIAN WATSON, et al.,                                        :
                                    Plaintiffs,              :
                 -against-                                   :     20 Civ. 4572 (LGS)
                                                             :
MANHATTAN LUXURY AUTOMOBILES,                                :           ORDER
INC.,                                                        :
                                    Defendant.               :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the August 7, 2023, Order (Dkt. 233) granted Plaintiffs' request for approval of their proposed methodology for identifying class members to be provided notice;

WHEREAS, on August 21, 2023, Defendant moved for reconsideration of the August 7, 2023, Order and requested a temporary stay of the August 31, 2023, deadline to issue notice to class members pending a decision on the motion for reconsideration;

WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021

WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).  Courts "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y Apr. 11, 2022).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Suarez*, 2022 WL 1078436, at *2;

WHEREAS, Defendant has not been denied an opportunity to respond to the methodology endorsed in the August 7, 2023, Order.  The July 28, 2023, Order instructed Defendant to file a two-page letter response to Plaintiff's proposal, which Defendant did on August 1, 2023;

WHEREAS, Defendant's motion for reconsideration raises the same objections that were raised in Defendant's August 1, 2023, letter, namely that Plaintiff's request is a fundamental alteration to the certified classes and that it departs from the methodology previously submitted by their own expert.  These arguments were duly considered in the first instance.  A motion for reconsideration is "not a vehicle for relitigating old issues," *Analytical Surveys, Inc.*, 684 F.3d at 52.  It is hereby

**ORDERED** that Defendant's motion for reconsideration of the August 7, 2023, Order is DENIED.  It is further

**ORDERED** that Defendant's request for a stay of the August 31, 2023, class notice deadline is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. 234.

Dated: August 22, 2023
　　　　New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**