UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| BRIAN WATSON, et al., | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| MANHATTAN LUXURY AUTOMOBILES, INC., | : |
| | : |
| Defendant. | : |

20 Civ. 4572 (LGS)

ORDER

------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 10, and December 17, 2025, the parties filed their pretrial memoranda of law and opposition memoranda of law, respectively.

WHEREAS, the parties' memoranda raised the issue of the amount of damages to which Plaintiffs are entitled under 47 U.S.C. § 227(c).

WHEREAS, under 47 U.S.C. § 227(c)(5)(B), a plaintiff may "recover actual for actual monetary loss" or "receive up to $500 in damages for each such violation, whichever is greater." Where a defendant's violation was willful or knowing, "the court may, in its discretion," award treble damages. *Id.* § 227(c)(5)(C).

WHEREAS, Plaintiffs' argument that "there is no discretion to award any amount other than the statutory amount of $500 per call" is unavailing. Section 227(c)(5)(B)'s language is clear that, if plaintiffs are not seeking actual damages, they may recover "*up to*" $500 in damages. Unlike other sections of the Telephone Consumer Protection Act ("TCPA"), such as § 227(b) which states that a plaintiff may "receive $500 in damages for each such violation," Section 227(c)(5)(C) includes discretionary language that makes clear that plaintiffs may be awarded less than $500 per violation. The cases Plaintiffs cite in support of their argument are in

the context of default judgment and are thus distinguishable.  *See, e.g., Cacho v. Amity One Debt Relief*, No. 24 Civ. 160, 2024 WL 4594177, at *7 (W.D. Tex. Oct. 24, 2024) (awarding damages of $500 per violation after defendants defaulted).  At trial, Plaintiffs may receive "up to" $500 per violation.  *See Silva v. Seven Rock Life Corp.*, No. 23 Civ. 6407, 2024 WL 3228437, at *7 (E.D.N.Y. June 28, 2024) ("The TCPA provides that a court may award 'up to $500' for each violation."); *Oparaji v. Home Retention Corp.*, No. 21 Civ. 2758, 2023 WL 7687217, at *4 (E.D.N.Y. Sept. 26, 2023) (noting that plaintiffs may receive "up to" $500 per violation in damages under § 227(c) while the "baseline award of statutory damages for violations of § 227(b) is set at a flat $500 per violation"), *report and recommendation adopted*, No. 21 Civ. 2758, 2024 WL 2150338 (E.D.N.Y. May 14, 2024).

WHEREAS, Plaintiffs' argument that "[t]he amount of statutory damages to be awarded is a question for the judge, not a jury" is similarly unpersuasive.  While Second Circuit district courts have acknowledged that "Congress has explicitly given courts discretion when awarding damages under § 227(c)," those cases were in the context of default judgment when there was no jury and the court was the sole decision-maker.  Courts in other Circuits have left the question of statutory damages to the jury.  *See. e.g., Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 662 (4th Cir. 2019) (affirming jury award under § 227(c)); *Noviello v. Adam Wines Consulting, LLC*, No. 22 Civ. 52, 2023 WL 2776696, at *2 (N.D. Tex. Apr. 4, 2023) (jury award of damages under § 227(c)).

WHEREAS, as Plaintiffs have acknowledged, the Court has granted summary judgement "to Defendant on Plaintiffs' claim for treble damages because no reasonable finder of fact could find that Defendant knowingly or willfully violated the TCPA and its regulations."  *Watson v. Manhattan Luxury Automobiles, Inc.*, No. 20 Civ. 4572, 2024 WL 4238307, at *6 (S.D.N.Y.

Sept. 19, 2024), *reconsideration denied*, No. 20 Civ. 4572, 2024 WL 4451714 (S.D.N.Y. Oct. 9, 2024).  It is hereby

      **ORDERED** that, at trial, Plaintiffs may recover "up to" $500 in damages per violation in an amount to be determined by the jury.

Dated: January 24, 2025
     New York, New York

                                 LORNA G. SCHOFIELD
                         UNITED STATES DISTRICT JUDGE