

DANIEL ZEMEL, ESQ. (NY, NJ)
660 BROADWAY
PATERSON, NEW JERSEY 07013
PHONE:    (862) 227-3106
FAX:        (973) 282-8603
DZ@ZEMELLAWLLC.COM

October 1, 2025

**VIA ECF:**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

|  |  |  |
|---|---|---|
| Re: | *Watson et al. v. Manhattan Luxury Automobiles Inc.* | |
| Case No.: | 1:20-cv-04572 | |
|  | 1:21-cv-01588 | |
|  | <u>Joint Supplemental Submission for Pre-Approval</u> | |

Dear Judge Schofield,

Counsel for Plaintiff Espinal and the Classes and Defendant Manhattan Luxury Automobiles, Inc. d/b/a Lexus of Manhattan (collectively, together the "Parties") respectfully submit this letter-brief in response to the Court's September 3, 2025 Order [ECF 405] to supplement the Parties' Joint Motion for Pre-Approval of class wide settlement and to address the inquiries raised by the Court during the September 2, 2025 preliminary approval hearing in the above-referenced matter.

1. <u>Revised Postcard Notice</u>

The Parties submit for the Court's consideration redline versions of the Postcard Notices to be served on the NDNCR Class (Ex. A) and the ATDS Class (Ex. B) (collectively, the "Notices"), which include clarification as to the Objection Letter and the Exclusion Letter identified, as well as inclusion of notice to the uploading of a Long Form Notice on the active class website.

2. <u>Long Form Class Notice</u>

The Parties submit for the Court's consideration a Long Form Class Notice (Ex. C) which will be uploaded and posted on the active settlement website, providing additional, detailed information regarding the action and the proposed settlement. As addressed below, the settlement agreement has also been redlined and amended to reflect the posting of the Long Form Class Notice. *See*, Ex. D, ¶75(g).

1

3.  <u>Plan of Allocation</u>

As required by Rule III.C.5 of Your Honor's Individual Rules and Procedures, a proposed plan of allocation is set forth below detailing the amount of (a) the total settlement fund, (b) the Claims Administrator's fee, costs and expenses, (c) proposed attorneys' fees, costs and expenses, (e) the proposed named Plaintiff's proposed service fee, (f) any other deduction from the settlement fund before payment to class members and (g) the anticipated recovery in dollars and as a percentage of the plaintiff's estimated damages for the class and any subclass in the aggregate and per class member, including any assumptions used in calculating these amounts.

| Description | Amount |
| --- | --- |
| Total Settlement | $707,565 |
| Claims administrator's fee, costs, and expenses | $12,565 |
| Requested attorney's fees | $417,901 |
| Attorneys' expenses and costs | $162,599 |
| Lead Plaintiff Espinal's proposed Service fee | $10,000 |
| Other deductions from the settlement fund | --- |
| Net settlement amount | $104,500 |

As the Court is aware, 47 U.S.C. §227(c)(5)(B) provides that the NDNCR Class could have recovered at trial "actual monetary loss" or "receive up to $500 in damages for each violation, whichever is greater." [ECF 373]. On January 24, 2025, prior to trial, Your Honor issued an order holding that the "Plaintiffs may recover 'up to' $500 in damages per violation in an amount to be determined by the jury." [ECF 373].

In preparation for trial, the Parties stipulated that it was an uncontested fact that the NDNCR Class was comprised of 418 members, and that a total of 1255 text messages were sent to those 418 individuals. [ECF 358, Section K, ¶¶ 3-4].

Given the fact that the jury could have awarded a range of $0 to $500 to the NDNCR Class, the Parties settlement discussions took into consideration the pending motions *in limine*, the evidence before the Court, the viable defenses to defeat the claims, and the jurisdictional and national precedent as to jury awards addressing similar circumstances as to NDNCR violations. It is worth noting that the Defendant argued, prior to trial, that the potential recoverable number of violations was 837, not 1255.

Notwithstanding the above, and barring a $0 award or a finding of no liability by the jury, the lowest potential recovery for the NDNCR Class could have been $1 per violation, totaling an award of $1,255. On the other hand, if the jury awarded $500 per violation, then the NDNCR Class could have been awarded $627,500. These amounts did not account for potential attorneys' fees and costs or class administration costs.

As addressed in the plan of allocation chart above, the collective settlement fund of $707,565 exceeded the NDNCR Class's best possible outcome and recovery. As there was a debate and dispute as to the number of violations, an issue to have been determined by the jury, the Parties' amicably agreed to award the NDNCR Class members on a *per capita* basis. Based on the totality of the circumstances, the longevity of this action being filed in 2020, over 405 entries on the docket, and thousands of hours litigated by both sides, the attorneys' fees and costs were voluminous[1]. Even so, based on the lack of willfulness by Defendant in sending these text messages (*see* ECF Nos 270 and 371), a recovery of 50% within the statutory range is a fair, reasonable, and excellent outcome for the NDNCR Class members.

4. Revised Proposed Schedule

The Parties have agreed to the following proposed schedule for class settlement. Please note that the proposed schedule is based on the preliminary approval being granted October 7, 2025, one-week following the parties October 1, 2025 submission (ECF No. 405). Should the Court enter the proposed schedule at a different date, the Parties respectfully request that the proposed dates align with the deadlines set forth within the settlement agreement.[2]

| **Event** | **Proposed Due Date** | **Date** |
|---|---|---|
| Exchange of Class Lists | Within 14 days from Preliminary Approval, Plaintiff shall provide a copy of the Class Lists to the Settlement Administrator | 10/21/2025 |
| Deadline for mailing the Notice Form to the Settlement Class (which date shall be the "Notice Date") | Within 7 days after the Settlement Administrator receives the Class Lists, individual notice in the form of Postcard Notice will be sent | 10/28/2025 |
| Deadline to update existing class website | Within 7 days after the Settlement Administrator receives the Class Lists, the existing website will be updated with requisite documents | 10/28/2025 |

---

[1] Plaintiff's counsel will address the basis for their fee award in more detail in Plaintiff's Motion for Attorneys' Fees and Costs to be filed before the final Hearing.

[2] For the Court's information, counsel for Plaintiff and the Class anticipate being out of the country between February 9-February 20, so will be unavailable to reschedule the Final Hearing, if necessary, during those dates.

| | | |
|---|---|---|
| Deadline for served CAFA Notice | Within 14 days from Preliminary Approval, Defendant shall submit certification from Settlement Administrator confirming compliance and service of any CAFA Notice | 10/21/2025 |
| Deadline for receipt of Exclusion Letters or Objection Letters | Date to be determined by the Court per Settlement Agreement | |
| Deadline to file Final Approval of Settlement and entry of Final Order and Judgment | At least 7 days prior to Final Approval Hearing | 1/28/2026 |
| Final Approval Hearing | Within 120 after Preliminary Approval | 2/4/2026 |
| Distribution of Settlement Checks | Within 30 days of Final Approval, the Settlement Administrator shall send a check to class members for settlement, to class representative for service award, and to Plaintiff's counsel for approved attorneys' fees and costs. | 3/6/2026 |

5. <u>Proposed Preliminary Approval in Word Format</u>

The Parties submit for the Court's consideration a redlined and revised proposed Preliminary Approval Order as Exhibit E, and a courtesy copy will be contemporaneously emailed to Chambers' Inbox.

6. <u>Other Revised Documents</u>

The Parties submit for the Court's consideration a redlined amended Class Settlement Agreement clarifying the distinction between the Exclusion and Objection Letters, the *per capita* nature of distribution to class members, and the inclusion of the requirements for the Long Form Class Notice are attached herein as Exhibit D.

7.   <u>Fairness and Adequacy of the Proposed Settlement and Notice To The ATDS Class</u>

On September 19, 2024, the Court granted Defendant's motion for summary judgment dismissing the ATDS Class on the merits. [ECF 270]. Specifically, the September 19, 2024 Opinion and Order stated,

> A recent Second Circuit case, *Soliman v. Subway Franchisee Advert. Fund Tr., LTD.*, held that a system, such as the one here, that "uses a pre-existing list of telephone numbers that are not automatically or randomly generated, but that are drawn from other sources, including . . .from consumers themselves who voluntarily provided then," is not an automatic telephone dialer system. 101 F.4th at 183. ***Plaintiffs do not dispute this conclusion, nor do Plaintiffs assert that Defendant used an artificial or prerecorded voice to contact Plaintiffs.***

[ECF 270, pp. 3-4][emphasis added].

Federal Rule 23(e) requires class notice to claims, issues, or defenses of a certified class that may be settled, voluntarily dismissed, or compromised only with the Court's approval. *See*, Fed.R.Civ.P. 23(e). By its terms, the Rule does not require class notice pertaining to an adverse judgment, only voluntary dispositions. As such, should the trial have proceeded as to the NDNCR Class, the ATDS Class members would not have received any notice of the summary judgment dismissal, especially considering the Court's finding that there is no dispute as to the applicability of *Soliman* to the ATDS claims. It should also be noted that the ATDS Class members already received their mandatory Rule 23(c)(2) notice in 2023, where they were given the opportunity to exclude themselves from being bound by the results, favorable or unfavorable, of the class litigation.

Notwithstanding the Court's Opinion and Order, and undisputed conclusion of the ATDS claims, the ATDS Class members maintained a right to appeal. During discussions, and an expression of intent to appeal by Plaintiff, the Parties negotiated a settlement that specifically sought to include the ATDS Class into the settlement in exchange for Defendant consideration paid by Defendant, including  the cost of notice addressing the ATDS Class members' right to appeal. The ATDS Class received a specific benefit, i.e. actual written and electronic notice, that each member does have the right to appeal with the option to object to or exclude his or herself from the settlement, and to retain their own independent counsel to pursue any viable appeal. Had the ATDS Class members not been included within the settlement class, then there is no such notice requirement afforded as to the adverse summary judgment decision. As addressed by the parties during the Court conference, the Defendant will be incurring $9,815 in class settlement administration costs to simply notify the ATDS Class members of their rights.

As such, the Parties remain supportive of the position that the ATDS Class members should not be awarded or entitled to a monetary payment from the Total Settlement other than the costs for notice as it is not appropriate under the circumstances. *See, Soliman v. Subway Franchisee Advert. Fund Tr., LTD.*, 101 F.4th 176, 180 (2d Cir. 2024); see also, ECF 270.

This position is based on Second Circuit precedent, such as in *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113-114 (2d Cir. 2005), where the Second Circuit held that the

> standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness. There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings. Notice is adequate if it may be understood by the average class member.

To the extent the Court believes that the ATDS Class should receive some monetary amount based on the settlement, the parties believe this option would improperly prejudice both Defendant and the NDNCR Class Members. First, Defendant (and possibly Plaintiff and the Class) would be prejudiced due to significantly greater class administration costs, which would have to be distributed and allocated from the Total Settlement. Defendant has conferred with the Class Administrator and confirmed that the additional costs just to provide further service and checks (if any) would increase the fees in excess of $8,000, an amount which was not taken into consideration by either side in the initial settlement negotiations, thereby costing Defendant's nearly $18,000 for the inclusion of the dismissed ATDS Class. Secondly, if the ATDS Class was provided even a nominal payment from the Settlement Fund, this would impinge on the NDNCR Class's legitimate claim for monetary compensation, in favor of class members whose claims have been rejected by both this Court and the Second Circuit.

As such, the Parties strongly believe that providing notice to the class and the opportunity for individual members to pursue their appeal rights, should they choose to do so, with no monetary compensation, provides fairness and adequacy in the settlement as it fulfills the ATDS Class's due process rights, but acknowledges the Second Circuit (and this Court's) position that the ATDS Class Claims are of no value. *See, Soliman*, 101 F.4th at 180. Moreover, should a class member elect to exclude his or herself from the settlement and pursue an appeal, that class member's rights remain status quo to challenge the Second Circuit's precedent in *Soliman*.

8.  <u>Adequacy of Plaintiff Jose Espinal to represent the ATDS Class</u>

Plaintiff Espinal is a member and class representative of both the NDNCR and the ATDS Classes. On September 29, 2022, this Court certified both the NDNCR and ATDS Classes and approved Plaintiff Espinal to represent each of these classes. [ECF 190]. The Court's September 3, 2025 Order requested that the Parties address Mr. Espinal's adequacy to represent the interests of the ATDS Class for purposes of settlement, given that there are other named class representatives. [ECF 405]. For the same or similar reasons explained in Plaintiff's underlying briefing, Mr. Espinal is also qualified to represent the ATDS Class. Further, there is no issue in his representation of both classes and his signing of the settlement agreement, despite the fact there were other named representatives for the ATDS Class.

Plaintiff Espinal has acted in the best interests of the ATDS Class by ensuring that their right to appeal was preserved, and that the class members were provided with notice of the dismissal and their appellate options, rather than being left without any notice or recourse. While the ATDS Class's claims were dismissed and therefore there was no monetary recovery, Plaintiff Espinal was actively involved in and supported the negotiated outcome because it ultimately afforded the ATDS Class Members unequivocal and clear notice of their right to appeal the summary judgment dismissal, when prior notice would not have been required under Rule 23. In this way, Plaintiff Espinal not only safeguarded the class members' procedural rights, which was the only tangible benefit available under the circumstances, but he afforded each and every class member the information and steps necessary to object to or exclude themselves from settlement in order to pursue their own, independent appeal. As such, the ATDS Class Members would end with a greater notice than necessarily required under the law.

Moreover, Plaintiff Espinal was informed of the summary judgment dismissal, the risks of continued litigation, and the limited available alternatives. He understood that the only way to provide value to the ATDS Class at this late-stage of the action was through notice to the class members of their right to appeal, and he agreed that providing this notice served the Class better than silence. Plaintiff Espinal's actions demonstrate that he was engaged, understood the tradeoffs of settlement compared to the potential appeal, and acted to maximize what benefit could realistically be achieved for the ATDS Class—even when no monetary award was available.

While Plaintiff Espinal is the only named Plaintiff to sign and approve the Settlement Agreement, it is important to recognize that the assent of class representatives is not essential to a settlement, as long as the Rule 23 requirements were met. *See, Charron v. Wiener*, 731 F.3d 241, (2d Cir. 2013); *see also*, *Elliott v. Sperry Rand Corp.,* 680 F.2d 1225, 1226, 1228 (8th Cir.1982); *Kincade v. Gen.Tire & Rubber Co.,* 635 F.2d 501, 508 (5th Cir.1981) ("[T]he assent of named plaintiffs is not a prerequisite to the approval of a settlement." (internal quotation marks omitted)); *Laskey v. Int'l Union,* 638 F.2d 954, 957 (6th Cir.1981) ("Accepting a settlement over the objections of the named representatives is not necessarily an abuse of discretion."); *Flinn v. FMC Corp.,* 528 F.2d 1169, 1174 n. 19 (4th Cir.1975). In fact, even where lead plaintiffs object to the settlement, this has no impact on the Court's ability to determine that a settlement is fair and adequate. *Charron,* 731 F.3d at 254. "Class counsel is supposed to represent the class, not the named parties: that the named parties objected does not prove the settlement was unfair or that the class counsel acted improperly." *Laskey,* 638 F.2d at 956.

Other courts have also held that a settlement agreement signed by only one class representative and later objected to by other class representatives was still valid. *See In re Fedex Ground Package System, Inc.,* 2017 WL 632119 *3 (N.D. Indiana 2017). The court noted that the class representatives did not have to agree to a settlement for it to be fair and binding on the class. *Id., In re Gen. Motors Corp. Engine Interchange Litig.,* 549 F.2d 1106, 1128, n.34 (7th Cir. 1979) ("[T]he unanimous approval of all named plaintiffs is not a prerequisite to judicial approval of a settlement approved by some of the named plaintiffs."); *McDonald v. Chi. Milwaukee Corp.,* 565 F.2d 416, 426 (7th Cir. 1977) (discussing *Saylor v. Lindsay,* 456 F.2d 896 (2d Cir. 1972) for the proposition that the assent of the plaintiffs who brought a derivative action is not essential to a

settlement); *Manual for Complex Litigation, supra*, § 21.642 ("A class representative cannot alone veto a settlement....").

        In this case, these issues have not presented themselves, thus, the fairness determination for the Court should be straightforward. Here, Named Class Plaintiff Jose Espinal, has confirmed agreement with the settlement and will sign on behalf of both the NDNCR and ATDS Classes, with no objection to his adequacy to do so. While no other named Plaintiffs have objected to the settlement, even if they were to pose an objection, the agreement or objection of the other named class representatives is of no importance to the Court's finding that the settlement is fair and reasonable, and providing final approval.

        Counsel for Lead Plaintiff and Defendant are available to provide further information at the Court's request.

                                        Respectfully submitted,

                                        */s/ Daniel Zemel*
                                        Daniel Zemel, Esq.
                                        *Attorney for Plaintiffs*

                                        */s/ Jason Myers*
                                        Jason M. Myers, Esq.
                                        *Attorneys for Defendant*