UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
BRIAN WATSON, et al.,                         :
:
                      Plaintiffs,    :    20 Civ. 4572 (LGS)
:
     -against-                              :    ORDER
:
MANHATTAN LUXURY AUTOMOBILES       :
INC.,                                          :
:
                    Defendant.  X
------------------------------------------------------------

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, the parties have moved for preliminary approval of this class action.

       WHEREAS, the parties' settlement agreement contemplates distribution of settlement proceeds to National Do Not Call Registry ("NDNCR") class members on a per capita basis "not to exceed $500.00 per Settlement Class Member." The settlement agreement releases Defendant from claims arising under the Telephone Consumer Protection Act, which provides that plaintiffs may recover up to $500 in damages per violation. 47 U.S.C. § 227(c)(5)(B). NDNCR class members, by definition, received two or more messages within a twelve-month period. The settlement agreement therefore limits class members' maximum potential recovery below what class members subject to more than one violation could recover were this action to proceed to trial.

       WHEREAS, because the settlement agreement, like most class settlements, creates a common settlement fund providing for both class recovery and attorneys' fees, the proposed cap limits class members' recovery when more potentially could be available, and reserves the remainder (after deductions for attorneys' expenses and costs and a proposed Service Fee for the lead Plaintiff) for potential payment of attorneys' fees for class counsel. Pursuant to the

agreement, any amount remaining is paid to a cy pres recipient. The agreement in effect allocates the available settlement amount between the class members and class counsel, with the cy pres recipient receiving any excess, which otherwise could be available to class members.

WHEREAS, "[s]eparate negotiation of the class settlement before an agreement on fees is generally preferable" because simultaneous negotiation "creates a potential conflict." Manual for Complex Litigation (Fourth) § 21.7 (2004); *see Malchman v. Davis*, 761 F.2d 893, 905 (2d Cir. 1985) ("This and other courts have previously expressed concern over the award of attorneys' fees in class action settlements."), *abrogated on other grounds by Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); 4 Newberg and Rubenstein on Class Actions § 13.2 (6th ed. 2025) ("Fees should not be negotiated between class counsel and defendant's counsel until after a settlement of the class's claims has been agreed upon."). Accordingly, to ensure that the settlement is fair, reasonable, and adequate to class members, the parties' settlement agreement must be examined for "special circumstances" warranting disapproval. *Malchman*, 761 F.2d at 905.

WHEREAS, in this case, where the proposed settlement caps class members' recovery while reserving the remainder for possible payment of attorneys' fees, it is necessary to evaluate the reasonableness of the requested fees to make a preliminary finding whether the proposed settlement is fair, reasonable and adequate. *See McBean v. City of New York*, 233 F.R.D. 377, 392-93 (S.D.N.Y. 2006); Manual for Complex Litigation (Fourth) § 21.7 ("The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation."). In determining the reasonableness of a requested fee award, the factors set out in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000), will be considered in accordance with the three-step approach set forth in *In re Colgate-Palmolive ERISA Litig.*, 36 F.

2

Supp. 3d 344, 348 (S.D.N.Y. 2014).  The first step is to determine a baseline reasonable fee by reference to other common fund settlements of a similar size, complexity and subject matter.  *Id.*  This step considers three of the *Goldberger* factors -- the requested fee in relation to the settlement, the magnitude and complexity of the case, and the policy consideration of avoiding a windfall to class counsel.  *Id.*  The second step is to make any necessary adjustments to the baseline fee based on the *Goldberger* factors of risk, quality of representation and other public policy concerns.  *Id.*  The third step is to apply the lodestar method as a cross-check, which addresses the final *Goldberger* factor of the time and labor expended by counsel.  *Id.*  It is hereby

**ORDERED** that, by **November 7, 2025**, class counsel shall file its fee application following the *Colgate* three-step approach to be considered along with the pending motion for preliminary approval of the proposed class settlement.  The parties may, in the alternative, renegotiate the settlement agreement to remove the $500 per capita cap on class member recovery and allow for the distribution to class members of any excess funds after the payment of attorneys' fees and administrative costs.  If the parties choose to renegotiate the settlement agreement, any revised agreement marked to show changes from the previous agreement shall be filed by **November 7, 2025**.

Dated: October 10, 2025
       New York, New York

                                                LORNA G. SCHOFIELD
                                           UNITED STATES DISTRICT JUDGE