**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
BRIAN WATSON, DANIEL SAMARGHITAN, ANNMARIE GREENE f/k/a ANNMARIE MOHAMMED, JOSE ESPINAL, LYMELL JACKSON, and on behalf of all others similarly situated,

Plaintiffs,

20 **CIVIL** 4572 (LGS)
21 **CIVIL** 1588 (LGS)

-against-

# <u>JUDGMENT</u>

MANHATTAN LUXURY AUTOMOBILES d/b/a LEXUS OF MANHATTAN,

Defendant.
-----------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated August 6, 2026, all capitalized terms used herein shall have the same meanings as set forth in the Agreement unless otherwise defined herein. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, the Settlement Class Members and Defendant. The following Settlement Class, which consists of both the NDNCR Class and the ATDS Class, has been certified pursuant to Fed. R. Civ. P. 23(b)(3): As further set forth herein. Based on the Parties' stipulations and the Court's prior order certifying the class: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class Members, including whether or not Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.; (C) Plaintiff's claim is typical of the Settlement Class Members' claims; (D) Plaintiff is an appropriate and adequate representative of the Settlement Class, and his attorneys, Daniel Zemel and Elizabeth Apostola, are adequate Class

Counsel and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class Members. The Court approved the form Notices for mailing to the Settlement Class. The Court is informed that notice of the settlement and a fairness hearing was sent to all 418 NDNCR Class Members and 3,993 ATDS Class Members via first class mail by the Settlement Administrator. A total of 716 of the ATDS Notices and 63 of the NDNCR Notices were returned by the United States Postal Service as undeliverable. Of those Notices, 194 (173 of the ATDS Notices and 21 of the NDNCR Notices) were returned with forwarding addresses, or the Settlement Administrator was otherwise able to obtain new or corrected address information, and those Notices were re-mailed. No Settlement Class Members requested exclusion, and no objections were received. A total of 376 of the NDNCR Class Members (i.e., all who could be located) will receive payment under the settlement. There are 3,450 members of the ATDS Class who received notice of the settlement by mail. On March 24, 2026, the Court held a fairness hearing to which Settlement Class Members, including any with objections, were invited. No objectors appeared at the hearing. 8. The Court finds that the notice to the Settlement Class satisfied Rule 23 of the Federal Rules of Civil Procedure and the due process requirements of the United States Constitution. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the release described in section IV and payments by Defendant. Specifically, the Court has considered the following: Pursuant to the Agreement and as discussed in the Opinion & Order at Dkt. No. 429, NDNCR Class Members will receive a total of $129,500, or approximately $277.92 per capita. ATDS Class Members have received notice of the settlement and the opportunity to be excluded. Plaintiff and Class Counsel have adequately represented the Class. *See* Fed. R. Civ. P. 23(e)(2)(A). The Agreement was negotiated at arm’s length with the

assistance of Magistrate Judge Sarah L. Cave. *See* Fed. R. Civ. P. 23(e)(2)(B). The relief afforded to the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Settlement Class Members' claims; the terms of the proposed award of attorneys' fees, including timing of payment, and any agreement required to be identified under Rule 23(e)(3). *See* Fed. R. Civ. P. 23(e)(2)(C). For substantially the reasons stated in the Opinion & Order at Dkt. No. 429, the payment to the NDNCR Class is a significant recovery and the allocation of the Settlement Fund between Class Counsel and the NDNCR Class is reasonable. *See Kurtz v. Kimberly-Clark Corp.*, 142 F.4th 112, 121 (2d Cir. 2025) (noting that Rule 23(h), which governs attorneys' fees, and Rule 23(e), which governs settlement approval, are not identical but "may overlap"). The relief afforded to the ATDS Class is also adequate because ATDS Class Members, whose claims were dismissed on summary judgment, "gain [an] appreciable benefit from the settlement." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 238 (2d Cir. 2016). ATDS Class Members received notice of their rights to be excluded from the settlement and to pursue their claims individually. This notice, provided at the expense of Defendant, leaves ATDS Class Members in a better position than had the action proceeded to trial. The proposal treats Class Members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D). Each NDNCR Class Member receiving payment will receive an identical per capita Individual Settlement Amount. Each ATDS Class Member was mailed notice of the settlement and the opportunity to be excluded. Plaintiff will receive a $10,000 service award, which is "fair and appropriate" for the reasons stated in the Opinion & Order at Dkt. No. 429. *See Moses v. N.Y. Times Co.*, 79 F.4th 235, 253 (2d Cir. 2023). All factors laid out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974),2

have been considered and, on balance, confirm that the settlement is fair, reasonable and adequate to the Class. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments: As further set forth herein. The Court finds the Agreement is fair and was made in good faith. The terms of the Agreement are incorporated into this Order except to the extent any terms are inconsistent with this Order. The Order shall operate as a final judgment and dismissal with prejudice of the claims in this action. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, the Order. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and the Order. The Parties are hereby ordered to comply with the terms of the Agreement, the Order and the Opinion & Order at Dkt. No. 429. Class Counsel shall file a status letter once all distributions to the NDNCR Class Members from the Settlement Fund are complete. The status letter shall include: (i) a final accounting of (a) the total Settlement Fund, (b) the Settlement Administrator's fee, costs and expenses, (c) attorneys' fees, costs and expenses, (d) Plaintiff's service fee, (e) any other deduction from the Settlement Fund and (f) the NDNCR Class's actual recovery in dollars and as a percentage of Plaintiff's estimated damages for the NDNCR Class in the aggregate and per Class Member, including any assumptions used in calculating these amounts and (ii) a request for authorization to disburse the remaining attorneys' fees awarded and to make any cy pres distribution; accordingly, the case is closed.

**Dated:** New York, New York
August 13, 2026

**TAMMI M. HELLWIG**

**Clerk of Court**

**BY:** K. Mango

**Deputy Clerk**